# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In re ) | |
| ) | |
| STEVE ALLEN GILLISPIE, ) | Case No. 07-50511 |
| ) | |
| Debtor. ) | |

## **MEMORANDUM ORDER**

In *In re Marrama*,[1] the Supreme Court recently held that a debtor does not have an absolute right to convert a Chapter 7 bankruptcy case to a case under Chapter 13 if the debtor has acted in bad faith.[2] In the instant case, the Chapter 7 trustee has objected to the Debtor's motion to convert and in doing so has raised the issue of whether *Marrama* supports a denial of a debtor's motion to convert where the only allegation is that the Debtor is not eligible to be a Chapter 13 debtor under 11 U.S.C. § 109(e) because he does not have regular income sufficient to fund a plan. The Trustee argues that the Court may consider Chapter 13 eligibility as a basis for denying confirmation because, in his view, *Marrama* acknowledged two bases upon which conversion could be denied – bad faith and eligibility – even though *Marrama*'s holding was ultimately based on only one of them – bad faith.

In this case, the Court does not need to decide whether *Marrama* supports a denial of dismissal on a ground other than bad faith – a proposition on which the Court harbors serious doubt – because the Trustee has not established that the Debtor is ineligible to be a Chapter 13 debtor.

Section 109(e) provides that a debtor must have regular income to be a Chapter 13 debtor. It does not require that that income be sufficient to fund a plan.[3] After conversion, an objection to confirmation based on feasibility might be swift and successful, but there is no statutory or precedential basis to make the prospect (or lack thereof) of plan feasibility a condition of Chapter 13 eligibility under § 109(e). In short, the trustee confuses feasibility with eligibility.

Therefore, the only question before the Court is whether the Debtor has regular income. And based on the limited record before the Court, the Court finds that he does. It may be meager –

---

[1] 127 S.Ct. 1105, 166 L.Ed.2d 956 (2007).

[2] *Id*.

[3] 11 U.S.C. § 109(e).

Counsel for the Debtor admitted that it is approximately $1,100 a month – and it may not be enough to support a feasible Chapter 13 plan, but low income has never been a bar to Chapter 13 eligibility.

Therefore, for the reasons stated above, it is

**ORDERED** that the Trustee's objection to the Debtor's motion to convert this case to a case under Chapter 13 is DENIED.

**SO ORDERED** this 5th day of November, 2007.

                                                                        /s/   Jerry W. Venters
                                                United States Bankruptcy Judge

A copy of the foregoing mailed electronically or
conventionally to:
Bruce E. Strauss
Garry Addam Fera